JOE BUCK COKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coker v. Commissioner
Docket No. 3294-93.
United States Tax Court
T.C. Memo 1994-129; 1994 Tax Ct. Memo LEXIS 137; 67 T.C.M. (CCH) 2515; March 29, 1994, Filed *137 Decision will be entered for respondent. Joe Buck Coker, pro se. Helen T. Repsis, for respondent. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioner's Federal income taxes for taxable years 1989 and 1990, in the amounts of $ 4,434 and $ 2,145, respectively. The issues for decision are (1) whether petitioner may exclude from gross income foreign earned income under section 911, and (2) whether inclusion of foreign earned income in petitioner's gross income violates the United States Constitution. Some of the facts were stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner *138 resided at Eustace, Texas, when his petition was filed in this case. Petitioner is a United States citizen and resided in Eustace, Texas, during the taxable years 1989 and 1990. He was employed as a service representative by Epic Products International Corporation (Epic Products), a company based in Dallas, Texas, during those years. In that capacity, petitioner installed and serviced mechanical products sold by Epic Products that were additions to printing presses, and trained others in the operation of such products. At times, petitioner's employment required travel outside the United States. In 1989, petitioner worked outside the United States a total of 98 days, consisting of 97 days in Australia, and 1 day in Canada; in 1990, he worked outside the United States a total of 92 days, consisting of 77 days in Australia, and 15 days in Canada. Petitioner determined, and respondent agrees, that $ 15,772 of the $ 33,367.95 wages he earned in 1989 was earned while abroad, and that $ 9,280 of the $ 30,265.05 wages he earned in 1990 was earned while abroad. [2]
*139 Respondent disallowed petitioner's claimed exclusions for foreign earned income for 1989 and 1990, on the ground that he was not a qualified individual, as defined in section 911(d)(1). Specifically, respondent contends that petitioner had no foreign tax home during either year, and was neither a bona fide resident of a foreign country or countries, nor was he present in a foreign country at least 330 days in 1989 and 1990, as required by sections 911(d)(3) and 911(d)(1)(A) and (B). Section 911(a) provides: (a) Exclusion from Gross Income. -- At the election of a qualified individual (made separately with respect to paragraphs (1) and (2)), there shall be excluded from the gross income of such individual, and exempt from taxation under this subtitle, for any taxable year -- (1) the foreign earned income of such individual, and (2) the housing cost amount of such individual. The amount of foreign earned income excludable from gross income is limited by section 911(b)(2)(A): (A) In general. -- The foreign earned income of an individual which may be excluded under subsection (a)(1) for any taxable year shall not exceed the amount of foreign earned income computed on a daily *140 basis at an annual rate of $ 70,000.
The term "qualified individual", for purposes of section 911, is defined in section 911(d)(1): (1) Qualified Individual. -- The term "qualified individual" means an individual whose tax home is in a foreign country and who is -- (A) a citizen of the United States and establishes to the satisfaction of the Secretary that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, or (B) a citizen or resident of the United States and who, during any period of 12 consecutive months, is present in a foreign country or countries during at least 330 full days in such period.
For purposes of section 911, "tax home" is defined in section 911(d)(3): (3) Tax Home. -- The term "tax home" means, with respect to any individual, such individual's home for purposes of section 162(a)(2) (relating to traveling expenses while away from home). An individual shall not be treated as having a tax home in a foreign country for any period for which his abode is within the United States.
Petitioner does not contend that he was a bona fide resident of a foreign *141 country in 1989 or 1990, nor does he contend that he was present in a foreign country or countries for 330 days during either year. Instead, petitioner argues that the 330 day requirement set forth in section 911(d)(1)(B) is only applicable if a taxpayer claims the full $ 70,000 exclusion. Petitioner's theory is that being present in a foreign country for a minimum of 330 days qualifies a taxpayer for the full $ 70,000 exclusion, and presence for less than 330 days merely operates to reduce the maximum allowable amount proportionally. Thus petitioner argues that his presence in foreign countries for 92 days in 1990 reduces the maximum allowable amount according to the following formula: $ 70,000 X 92 days/330 days = $ 19,515 Petitioner further argues that his "tax home" was in the foreign countries where he worked during the time he was present in those countries. Petitioner's construction of section 911 ignores the plain language of the statute. To be a "qualified individual" for purposes of section 911, an individual must (1) have a tax home in a foreign country, and (2) be a bona fide resident of a foreign country for a period which includes the entire taxable year, or *142 be present in a foreign country at least 330 full days during any 12-month consecutive period. Sec. 911(d)(1)(A) and (B) (emphasis added). Under section 911, an individual's tax home is considered to be located at his regular or principal place of business or, if the individual has no regular or principal place of business, then at his regular place of abode. Sec. 1.911-2(b), Income Tax Regs. Further, section 911(d)(3) specifically provides that an individual shall not be treated as having a tax home in a foreign country for any period during which his abode is within the United States. In 1989 and 1990, both petitioner's principal place of business and his abode were in the United States. Accordingly, we find that petitioner's tax home was in the United States during both taxable years. Additionally, petitioner was not present in a foreign country or countries at least 330 days during 1989 and 1990. Accordingly, we hold that petitioner was not a qualified individual for purposes of section 911 during 1989 and 1990, and therefore is not entitled to exclude any part of his foreign earned income from gross income. Petitioner next contends that it is unconstitutional for *143 the United States to tax his foreign earned income. Petitioner cites no authority for this proposition, stating in his brief simply that, "The constitutional issues seem so obvious that there must be some factors that I am not aware of that make the Federal Government think that it is right to tax the foreign earned income of individual citizens." It is a well-settled rule that U. S. citizens are subject to income taxation by the United States on their worldwide income. Sec. 1; Cook v. Tait, 265 U.S. 47 (1924); Rust v. Commissioner, 85 T. C. 284, 291 n.8 (1985); sec. 1.1-1(b), Income Tax Regs. The Supreme Court in Cook v. Tait, supra, holding that Congress had the power to tax income received by a native citizen of the United States, even when the citizen is domiciled abroad and the income was derived from property situated abroad, stated: the basis of the power to tax was not and cannot be made dependent upon the situs of the property in all cases, it being in or out of the United States, and was not and cannot be made dependent upon the domicile of the citizen, that being in *144 or out of the United States, but upon his relation as a citizen to the United States and the relation of the latter to him as a citizen. The consequence of the relations is that the native citizen who is taxed may have domicile, and the property from which his income is derived may have situs, in a foreign country and the tax be legal -- the government having power to impose the tax. [Cook v. Tait, supra at 561.]
Thus, based upon petitioner's status as a U.S. citizen, the United States has the power to tax petitioner's foreign earned income. Respondent's determination is sustained. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On line 22, Form 1040, U.S. Individual Income Tax Return for 1989 and Form 2555, Foreign Earned Income, attached to that return, petitioner claimed an exclusion for foreign earned income in the amount of $ 21,000; however, he stipulated that the amount he claims as excludable foreign earned income for that year is $ 15,772.↩